Nonnie L. Shivers, SBN 023460
Laura E. Grubb, SBN 038903
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
nonnie.shivers@ogletree.com
laura.grubb@ogletree.com
*Attorneys for Defendant American Airlines, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Aziz Aityahia,<br><br>    Plaintiff,<br><br>v.<br><br>Envoy Air Inc., American Airlines Inc.,<br><br>    Defendants. | No. 2:24-cv-02126-PHX-DJH<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S RULE 12(b)(6) MOTION TO DISMISS** |

Defendant American Airlines, Inc. ("AA"), incorrectly identified as American Airlines Inc., hereby files this Rule 12(b)(6) Motion to Dismiss ("Motion") requesting that the Court dismiss Plaintiff's Complaint [Doc. 1] in its entirety, with prejudice. The Complaint fails to state a valid claim for relief against AA in three ways. First, Plaintiff failed to exhaust his administrative remedies in that he failed to file a charge of discrimination against AA, which is required before filing a lawsuit alleging employment discrimination or retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). This deficiency is futile and cannot be cured, by amendment or otherwise, as the limitations period to amend Plaintiff's charge of discrimination to add AA or file a new charge of discrimination against AA has passed. Second, Plaintiff's Complaint is devoid of any factual allegations against AA, let alone allegations to support a Title VII or ADEA claim, even under the most liberal pleading standards. The only reference to AA in the Complaint (other than in the caption)

is Plaintiff's demand he desired a "[r]apid path to captain position with American Airlines…." Third, AA is not a proper party to this lawsuit. Plaintiff never filed an application for or otherwise sought employment with AA. AA has also never employed Plaintiff. The mere fact that AA and Envoy Air, Inc. ("Envoy") are related entities does not provide a legal basis for Plaintiff's employment discrimination and retaliation claims against AA.

Pursuant to Local Rule of Civil Procedure 12.1(c), on October 17, 2024, AA conferred with Plaintiff through its counsel on the basis of the Motion, explaining the legal and factual bases upon which this Motion rests and dismissal would be sought. [*See* **Exhibit 1**.] Counsel for AA does not believe the defects in the Complaint are curable and requested that Plaintiff voluntarily dismiss AA as a defendant. Plaintiff declined, necessitating this Motion.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

#### A.  Plaintiff's History With Envoy

AA and Envoy are separate and distinct legal entities. [**Exhibit 2**, ¶ 7.] Envoy is a grandchild subsidiary of American Airlines Group Inc. ("AAG"). [*Id.* at ¶ 5.] AA is a direct subsidiary of AAG. [*Id.* at ¶ 6.] AA is not Envoy's parent company. [*Id.* at ¶ 8.] Envoy employs, supervises, and controls its own employees, and sets the conditions of employment for its employees, including their compensation, benefits, and working hours. [*Id.* at ¶¶ 10-11.] AA does not, nor does it have authority to, control the day-to-day operations of Envoy, including its employment matters. [*Id.* at ¶ 9.]

In the fall of 2022, Plaintiff submitted an application for employment as a pilot with Envoy. [Doc. 1, 2-3.] "Envoy Air pilot recruitment" extended Plaintiff a conditional offer of employment, which was subsequently rescinded – by the "Envoy Air Pilot Recruitment Director" – after Plaintiff failed to meet all of the federally mandated hiring requisites for pilots. [*Id.* at 3.] In December 2023, after Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Arizona Attorney General's Office, Civil Rights Division ("ACRD") (addressed more fully in section (I)(B)

2

1 below) – Plaintiff submitted another application for employment as a pilot with Envoy but was not qualified for the role. [*Id.* at 4.] Plaintiff has never filed an application for employment with AA and AA has never employed Plaintiff. [*See* Doc. 1.]

### B.   Plaintiff's EEOC And ACRD Charge Of Discrimination

Plaintiff dual-filed a Charge of Discrimination with the EEOC and the ACRD on June 2, 2023, naming Envoy as the only respondent ("Original Charge"). [**Exhibit 3**, Original Charge.] He filed an Amended Charge on December 18, 2023, again naming only Envoy as respondent ("Amended Charge").[1] [**Exhibit 4**, Amended Charge.] In his Amended Charge, Plaintiff alleged that Envoy rescinded his job offer and failed to hire him in 2022 on account of his national origin (Algerian) and age in violation of Title VII, the ADEA and the ACRA. [*Id.*] Plaintiff also claimed that Envoy refused to hire him in 2023 in retaliation for filing his Original Charge. [*Id.*] Nowhere in Plaintiff's Original Charge or Amended Charge does he even mention AA, let alone identify AA as a respondent. The EEOC issued a right-to-sue notice dated May 22, 2024. [Doc. 1, 5.] Akin to the Original Charge and Amended Charge, the right-to-sue notice makes no mention of or reference to AA. [*Id.*]

### C.   Plaintiff Filed This Lawsuit Naming AA As A Defendant But Asserts No Substantive Allegations Against AA.

Plaintiff filed the Complaint on August 20, 2024, naming both Envoy and AA as defendants. [Doc. 1, at 1] Envoy and AA are distinct and separate legal entities. [**Exhibit 2**, ¶ 7.] Plaintiff purports to bring claims of national origin (Algerian) discrimination under Title VII and age discrimination under the ADEA for Envoy's failure to hire him in

---

[1] Plaintiff's Original Charge and Amended Charge are not "outside the pleadings[,]" are appropriately considered and referenced by the Court in ruling on AA's Motion, and do not convert AA's Motion into a motion for summary judgment because Plaintiff's Complaint specifically refers to his Original and Amended Charges, Plaintiff attached the EEOC's right-to-sue notice to his Complaint, and the authenticity of the Original Charge and Amended Charge are not in question. *Molina v. Los Angeles Cty., Dep't of Mental Health*, 58 F. App'x 311, 313 (9th Cir. 2003) (internal citations and quotations omitted).

December 2022. [Doc. 1, 2-3.] Specifically, Plaintiff alleges that "Envoy Air pilot recruitment issued [him] a conditional offer of employment," interviewed Plaintiff, and asked him to submit to a background check and drug screen. [*Id.*] Plaintiff claims that Envoy's Pilot Recruitment Director notified him that Envoy had rescinded his employment offer because Plaintiff "did not pass the remaining portion of the hiring process." [*Id.* at 3.]

Plaintiff further alleges that he applied "to attend another job fair and interview session, to be held at Envoy's headquarter[s] in December of 2023." [*Id.*] Envoy informed Plaintiff that he did not qualify for the job on December 8. [*Id.* at 3.] Plaintiff alleges that "Envoy Air falsely claims [he] did not qualify for the open position," and "Envoy Air hired younger unexperienced pilots with less qualifications and experience than [his] [sic]." [Doc. 1, 3-4.] Plaintiff claims that the denial of his application was further discrimination, as well as retaliation for filing his Original Charge with the ACRD. [*Id.* at 4.]

Nowhere in the Complaint does Plaintiff assert any factual allegations against AA, much less that AA discriminated or retaliated against him in violation of Title VII or the ADEA. In fact, the only reference to AA in the Complaint (other than in the caption) is Plaintiff's demand he desired a "[r]apid path to captain position with American Airlines…." [*Id.* at 4.]

## II. LEGAL ARGUMENTS AND AUTHORITIES

### A. Plaintiff Failed To Exhaust His Administrative Remedies Against AA As To Both His Title VII and ADEA Claims.

A plaintiff bringing claims of employment discrimination or retaliation under Title VII and/or the ADEA must first exhaust his administrative remedies by timely filing a charge of discrimination with the EEOC or an equivalent state agency – here, the ACRD. *See Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) ("Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under both Title VII and the ADEA."). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt

4

adjudication and decision." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (internal quotations omitted). A plaintiff has 300 days from the date of the alleged unlawful employment act to file a charge of discrimination with the ACRD and/or the EEOC for Title VII and ADEA claims. *Taxey v. Maricopa Cnty.*, 237 F. Supp. 2d 1109, 1113 (D. Ariz. 2002) (Title VII); *Shiban v. Intel Corp.*, No. CV 00-401-PHX-PGR, 2002 WL 31371971, at *2 (D. Ariz. Mar. 28, 2002) (ADEA).

### 1. *Title VII Claim*

A plaintiff cannot proceed in court on a Title VII claim until receiving a right-to-sue notice from the EEOC. 42 U.S.C. §§ 2000e-5(e), 2000e-5(f)(1). A plaintiff then has ninety days from issuance of the EEOC's right-to-sue notice to file a lawsuit for Title VII violations in federal court. *Id.* at § 2000e-5(f)(1).

Here, Plaintiff filed his Original Charge on June 2, 2023, **against Envoy only**. [*See* **Exhibit 3**.] Plaintiff filed his Amended Charge on December 18, 2023, **again against Envoy only**. [*See* **Exhibit 4**.] Plaintiff did not name AA as a respondent in either charge, and he has not received a right-to-sue notice from the EEOC (or ACRD for that matter) as it pertains to AA. [Doc. 1, 5.] Neither the Original Charge nor Amended Charge allege AA was involved in the acts giving rise to Plaintiff's claims, or any of the other exceptions to the "general rule…that Title VII claimants may sue only those named in the EEOC charge[.]" *Marks v. Able Body Lab.*, No. CV-09-626-PHX-SRB, 2009 WL 10673629, at *2 (D. Ariz. Aug. 12, 2009) (internal quotations and citations omitted). For this reason alone, the Title VII claim against AA should be dismissed. *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666 (9th Cir. 1980) ("Pursuant to 42 U.S.C. § 2000e-5(f)(1), a private Title VII action may be brought only against the respondent named in the charge previously lodged with the EEOC.") (internal quotations omitted); *Marks*, 2009 WL 10673629, at *3 ("Manheim is a separate entity from Able Body, and naming Able Body in the EEOC charge does not exhaust administrative remedies with respect to Manheim. Plaintiff's Title VII claim against Manheim must be dismissed for failure to exhaust administrative remedies.").

5

### 2. *ADEA Claim*

Plaintiff's ADEA claim should also be dismissed, for similar reasons. Under the ADEA, "[n]o civil action may be commenced by an individual…until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1). Although a plaintiff need not wait for a right-to-sue notice before bringing an ADEA claim, the plaintiff must nevertheless file a charge of discrimination alleging age discrimination. *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998) ("The ADEA requires a person to file a charge with the EEOC before initiating a civil action for age discrimination. Ordinarily, the person must file that charge within 180 days of the alleged discriminatory act. However, when the state where the act occurred has its own age discrimination law and its own enforcement agency…the ADEA extends the time to 300 days. Failure to file a charge within these required time limits generally prevents a person from litigating the claim.") (internal citations omitted); *Ramirez*, 374 F. Supp. 3d at 854 ("Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under both Title VII and the ADEA."). Plaintiff did not file a charge of age discrimination against AA and has not received a right-to-sue notice from the EEOC (or ACRD for that matter) as it pertains to AA. [Doc. 1, 5.] Plaintiff never suggests AA is involved in his claims in any manner. The ADEA claim against AA should thus be dismissed as Plaintiff failed to exhaust his administrative remedies against AA.

Fatally, Plaintiff cannot now file a new charge of discrimination or otherwise amend his Amended Charge to cure these deficiencies. Plaintiff states that the discriminatory conduct occurred on December 8, 2022, and December 8, 2023. [*Id.* at 2.] Plaintiff would have had to file a new charge naming AA or amend his Amended Charge to add AA as a respondent within 300 days of the last adverse action, which was October 3, 2024. He did not, and he is time-barred from doing so now. *Sanchez*, 147 F.3d at 1099; 42 U.S.C. § 2000e-5(e).

6

### B. The Complaint Contains No Factual Allegations To Support Any Claim Against AA.

Plaintiff's Complaint also fails due to the complete lack of any factual allegations against AA as necessary to plead viable claims. To the contrary, Plaintiff states he applied for employment with Envoy in 2022, Envoy issued him a conditional job offer, and an Envoy employee rescinded the offer. [Doc. 1, 2-3.] When he applied again in 2023, the interview was to be held at Envoy's headquarters, but Envoy told Plaintiff he was not qualified for a pilot position. [*Id.* at 3.] Finally, according to Plaintiff, Envoy (not AA) hired pilots who were younger with less experience and fewer qualifications than he possessed. [*Id.* at 3-4.] Plaintiff does not allege that he applied for a job with AA, that AA failed to hire him, or that AA had anything to do with either of his attempts to gain employment with Envoy.

"While Rule 8 does not demand detailed factual allegations, 'it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' A complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Dukes v. Liberty Mut. Auto and Home Servs. LLC*, No. CV-23-01254-PHX-DJH, 2023 WL 5751477 at *1 (D. Ariz. Sept. 6, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, "[a]lthough *pro-se* plaintiffs are held to a less stringent pleading standard, conclusory and vague allegations will still not support a cause of action." *Buchanan v. Ghandi*, No. CV-22-01482-PHX-SMB, 2024 WL 1240192, at *2 (D. Ariz. Mar. 22, 2024), *reconsideration denied*, 2024 WL 2153519 (D. Ariz. May 14, 2024). Where multiple defendants are involved, a plaintiff must plead sufficient factual allegations to establish a claim against each one. *Id.* In *Buchanan*, for example, the court granted certain defendants' motion to dismiss where plaintiff's conclusory allegations against them contained no factual support and did not even identify to which defendant plaintiff was referring. *Id.* ("[T]o the extent that this claim relates to the Buchalter

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1 Defendants, Plaintiff fails to state how they are implicated, let alone any actions they took 2 in violation of the FDCPA. Therefore, Plaintiff has failed to state a claim for a violation of 3 the FDCPA. Count II will be dismissed as to both the SPS and Buchalter 4 Defendants."). Because Plaintiff failed to allege even a single fact to implicate AA in either 5 of his claims, this Court should dismiss AA as a defendant in this case. Plaintiff cannot 6 cure this defect by amendment or otherwise because, as explained in section (II)(A) above, 7 Plaintiff is barred by the applicable limitations period from filing a charge of discrimination 8 against AA, which is a prerequisite to filing a lawsuit against AA for violations of Title 9 VII and the ADEA.

### C.     AA Is Not A Proper Party To The Lawsuit.

AA anticipates Plaintiff will argue that it is a proper defendant because AA is Envoy's parent company. Critically, AA is not Envoy's parent company. [**Exhibit 2**, ¶ 8.] AA and Envoy are two separate and distinct legal and operational entities. [*Id.* at ¶ 7.] They are tangentially related in that AA is a direct subsidiary of AAG and Envoy is a grandchild subsidiary of AAG. [*Id.* at ¶¶ 5-6.] However, AA does not (nor does it have the authority to) exercise day-to-day control over Envoy and its employment matters. [*Id.* at ¶ 9.] AA and Envoy each employ their own workforce, and each set the conditions of employment for their respective employees, including their compensation, benefits, and working hours. [*Id.* at ¶¶ 10-11.]

However, even if AA was Envoy's parent company (which it is not), AA is not liable for employment discrimination law violations committed by Envoy. It is well settled that a parent corporation that does not exercise day-to-day control over its subsidiaries' employment matters cannot be sued for a subsidiary's alleged wrongdoing. *See Watson v. Gulf and West. Indus.*, 650 F.2d 990, 993 (9th Cir. 1981) ("In the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary."); *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1214 (9th Cir. 1989) (summary judgment granted to parent where there were no overlapping directors, nor evidence parent had control over subsidiary's personnel decisions, and no evidence of

common ownership or control); *Cheeks v. Gen. Dynamics*, 22 F. Supp. 3d 1015, 1029 (D. Ariz. 2014) (dismissing claims against parent company on summary judgment where parent neither employed plaintiff nor exercised control over plaintiff's employment); *see also Allen v. Pac. Bell*, 212 F. Supp. 2d 1180, 1200 (C.D. Cal. 2002) (parent could not be held liable under federal discrimination law where it "had no more control over [subsidiary] than that typically exercised by the parent corporation in a parent/subsidiary corporate relationship"); *Krahel v. Owens-Brockway Glass Container, Inc.*, 971 F. Supp. 440, 456 (D. Or. 1997) (A parent corporation is generally not liable for the Title VII violations of its wholly owned subsidiary, particularly where the subsidiary meets the Title VII employee count threshold and the subsidiary "is more than capable of paying any judgment that might be rendered...."). AA exerts no control over Envoy, its employees, or its business operations, and vice-versa. [**Exhibit 2**, ¶¶ 9-11.] Therefore, even if AA was Envoy's parent company, it is not liable for Envoy's alleged wrongdoings.

Further, Plaintiff has not alleged that he applied for or otherwise sought employment with AA or that AA employed Plaintiff at any point in time, nor has Plaintiff alleged a single factual allegation relating to any action or inaction by AA, let alone action or inaction that subjects AA to possible liability under Title VII or the ADEA. AA is not a proper party to this lawsuit, a fatal fact that cannot be cured by amendment or otherwise. Consequently, the Court should dismiss AA as a defendant in this case, with prejudice.

## III. CONCLUSION

For the foregoing reasons, American Airlines Inc. respectfully requests that the Court dismiss it as a defendant in this action, with prejudice.

1    RESPECTFULLY SUBMITTED this 31st day of October 2024.

                                      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                      By:  s/ Nonnie L. Shivers_____
                                              Nonnie L. Shivers
                                              Laura E. Grubb
                                              Esplanade Center III, Suite 800
                                              2415 East Camelback Road
                                              Phoenix, AZ  85016
                                              *Attorneys for Defendant American Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of October 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a copy was sent via e-mail to the following:

Aziz Aityahia
17800 N 78th St., Apt. 2057
Scottsdale, AZ 85255
480-842-1734
aaityahia@yahoo.com
*Pro Se Plaintiff*


s/ Amanda C. Boynton