Aziz Aityahia
17800 N. 78th St. Apt 2057
Scottsdale, AZ 85255
(480) 842-1734
aaityahia@yahoo.com

Appearing in propria persona

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aziz Aityahia,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Envoy Air Inc., American Airlines, Inc.,<br><br>　　　　　Defendants. | Case No. CV-24-02126-PHX-DWL<br><br>**FIRST AMENDED COMPLAINT,<br>JURY TRIAL DEMANDED**<br><br>(Honorable Dominic W. Lanza) |

　　　　Plaintiff Aziz Aityahia alleges as follows:

<u>Parties, Jurisdiction, and Venue</u>

　　　　1.　　Aityahia is a certified pilot resident in Maricopa County, Arizona.

　　　　2.　　Defendant Envoy Air Inc. ("Envoy") is registered in Arizona as a foreign corporation domiciled in Delaware.

　　　　3.　　Defendant American Airlines, Inc., ("AA") is registered in Arizona as a foreign corporation domiciled in Delaware.

　　　　4.　　At all material times, Envoy was an "employer" as defined in 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e-(b).

　　　　5.　　At all material times, AA was an "employer" as defined in 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e-(b).

　　　　6.　　This action arises out of Defendants' alleged violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

7.	Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.	Venue is proper in this Court pursuant to A.R.S. § 12-401.

<u>Aityahia Applies and Is Rejected by Envoy Because of Age and National Origin</u>

9.	In its pilot recruitment materials, Envoy advertises a direct career path to "American" or "American Airlines" and guaranteed "flow" to "American" or "American Airlines." *See*, e.g., www.envoyair.com (last accessed June 13, 2025) and https://www.envoyair.com/careers/pilots/ (last accessed June 13, 2025).

10.	Envoy advertises using these themes heavily through channels and media including email, physical signs (like at recruitment fairs), on websites, and formal and informal speaking by Envoy representatives.

11.	Aityahia encountered these themes in Envoy advertising and recruitment advertising in email, on signs, and spoken in person by representatives of Envoy, including by Director of Operations Robert Neider.

12.	Aityahia wanted to be a pilot for Envoy because he understood that when Envoy hires a pilot, AA simultaneous hires the pilot.

13.	On October 21, 2022, Envoy issued Aityahia a conditional offer of employment after reviewing his application he submitted online.

14.	Envoy invited Aityahia to attend a local recruitment event on October 23 and 24, 2022.

15.	At the event, recruiters reviewed Aityahia's application materials, including his pilot certificates that showed his date of birth (XXX XX, 1966) and Algerian national origin.

16.	After the review, the recruiters scheduled Aityahia for an interview the next day.

17.	On the day of the interview, recruiters again reviewed Aityahia's application materials and took Aityahia's fingerprints, and Aityahia signed additional documents required under the Pilot Records Improvement Act.

18. In the days after the interview, Aityahia submitted to a drug test as part of the recruitment process.

19. Aityahia was to be scheduled for pilot training at Envoy after Envoy received passing results from the drug test and from a required background check.

20. Instead, on December 8, 2022, the Envoy Air Pilot Recruitment Director mailed Aityahia a notice that his employment offer was rescinded because he did not pass the remaining portion of the hiring process.

21. Aityahia should have passed the remaining portion of the hiring process because he exceeded the published requirements for the position.

22. Many other recruits who applied together with but were less qualified than Aityahia successfully proceeded through the recruitment process.

23. Those less qualified but successful recruits were younger than Aityahia and not of Algerian national origin.

24. Envoy refused to hire Aityahia because of his national origin and age.

25. Aityahia filed a charge of discrimination against Envoy with the Arizona Civil Rights Division on June 2, 2023.

26. On December 7, 2023, while the charge was under investigation, Aityahia submitted another pilot application to Envoy for another recruitment event and interview session later that month.

27. The day after Aityahia submitted his application, he was notified by email on December 8, 2023, that he did not qualify for the pilot position.

28. But Aityahia's qualifications and experience exceeded the published minimum requirements for the position.

29. Once again, Envoy hired less qualified, younger, and non-Algerian applicants who applied at the same time.

30. Envoy refused to hire Aityahia this second time both because of his national origin and age and in retaliation for Aityahia's filing the discrimination charge against Envoy.

31. Aityahia filed a second charge of discrimination against Envoy with the Arizona Civil Rights Division on December 18, 2023.

32. On May 22, 2024, the EEOC issued Aityahia a right-to-sue letter for both EEOC charges.

### Envoy and American Airlines

33. AA is a direct subsidiary of American Airlines Group.

34. Envoy is a grandchild subsidiary of American Airlines Group.

35. AA operates what is generally understood as "American Airlines."

36. Envoy provides flight services, including aircraft and staff, to AA customers for AA.

37. Most customers who receive those flight services believe they are provided by AA.

38. AA pays Envoy pilots.

39. AA unconditionally enrolls a set proportion or number of Envoy pilots into every cohort of its entering pilot program.

40. Envoy determines who it will send as its share of these enrollee pilots.

41. AA automatically accepts the enrollee pilots Envoy chooses.

42. AA does not interview the Envoy enrollee pilots or make them undergo any of the AA recruitment process.

43. AA's automatic acceptance of the Envoy enrollee pilots is tacit participation in and ratification of Envoy's pilot hiring practices.

44. Therefore, any discrimination or retaliation perpetrated by Envoy in its hiring of pilots flows into AA's automatic acceptance of the set proportion or number of Envoy pilots AA enrolls.

45. In this way, AA is involved in the discrimination and retaliation at issue.

**COUNT ONE**

**(National Origin Discrimination in violation of 42 U.S.C. § 2000e-2(a) Including Disparate Treatment)**

46. Aityahia realleges all prior allegations in this Complaint.

47. 42 U.S.C. § 2000e-2 makes it is unlawful for an employer to discriminate against an individual because of such individual's national origin and to fail or refuse to hire such an individual on that basis.

48. Throughout the recruitment process, Aityahia was the target of discrimination based on his Algerian national origin.

49. Similarly situated individuals outside of Aityahia's protected class were treated more favorably both times he applied at Envoy.

50. Aityahia exceeded the minimum qualifications for employment at Envoy as a pilot.

51. Envoy refused to hire Aityahia because of his Algerian national origin.

52. Envoy hired applicants from Aityahia's recruitment cohorts who were much less qualified than Aityahia but who were not of Algerina national origin.

53. Envoy made these adverse hiring actions under circumstances that give rise to an inference of discriminatory intent on the part of Envoy.

54. AA guarantees enrollment of a certain proportion or number of Envoy pilots in each of its new pilot classes.

55. As a result of Envoy's refusal to hire him, Aityahia will be excluded from enrollment in future AA new pilot classes to the extent AA fills those classes with Envoy-selected enrollees.

56. AA is thus participating in Envoy's discrimination against Aityahia.

57. As a result of these violations of law, Aityahia has sustained damages including, but not limited to, the following:

   (a) lost wages and employment benefits, including lost wages and benefits he would have earned if not for the discrimination that resulted in his not being hired,

   (b) lost career opportunities and advancements,

    (c) damaged reputation, and

    (d) severe emotional distress.

58. Aityahia is entitled to an award of costs incurred in connection with this case pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C § 1920.

Pursuant to these statutes and rules, as well as 42 U.S.C. § 2000e-5(e)(3)(B), Aityahia requests judgment against Defendants as follows:

    A. For compensatory damages in amounts to be proved at trial including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial;

    B. For front pay in an amount to be proved at trial;

    C. For all available injunctive relief;

    D. For an award of his costs; and

    For such other and further relief as is proper and just.

## COUNT TWO
### (Age Discrimination in violation of 29 U.S.C. § 623(a)(1) Including Disparate Treatment)

59. Aityahia realleges all prior allegations in this Complaint.

60. 29 U.S.C. § 623 makes it is unlawful for an employer to discriminate against an individual because of such individual's age and to fail or refuse to hire such an individual on that basis.

61. Throughout the recruitment process, Aityahia was the target of discrimination based on his age.

62. Similarly situated individuals outside of Aityahia's protected class were treated more favorably both times he applied at Envoy.

63. Aityahia exceeded the minimum qualifications for employment at Envoy as a pilot.

64. Envoy refused to hire Aityahia because of his age.

6

65. Envoy hired applicants from Aityahia's recruitment cohorts who were much less qualified than Aityahia but who were younger than Aityahia.

66. Envoy had a continuing need to hire new pilots because it continued to solicit new recruits after both Aityahia's applications.

67. Envoy refused to hire Aityahia under circumstances that give rise to an inference of discriminatory intent on the part of Envoy.

68. AA guarantees enrollment of a certain proportion or number of Envoy pilots in each of its new pilot classes.

69. As a result of Envoy's refusal to hire him, Aityahia will be excluded from enrollment in future AA new pilot classes to the extent AA fills those classes with Envoy-selected enrollees.

70. AA is thus tacitly participating in Envoy's discrimination against Aityahia.

71. As a result of these violations of law, Aityahia has sustained damages including, but not limited to, the following:

(a) lost wages and employment benefits, including lost wages and benefits he would have earned if not for the discrimination that resulted in his not being hired,

(b) lost career opportunities and advancements,

(c) damaged reputation, and

(d) severe emotional distress.

72. Aityahia is entitled to an award of costs incurred in connection with this case pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C § 1920.

Pursuant to these statutes and rules, Aityahia requests judgment against Defendants as follows:

A. For compensatory damages in amounts to be proved at trial including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial;

B. For front pay in an amount to be proved at trial;

C. For all available injunctive relief;

D. For an award of his costs; and

For such other and further relief as is proper and just.

**COUNT THREE**
**(Unlawful Retaliation in Violation of Title VII 42 U.S.C. § 2000e-3(a))**

73. Aityahia realleges all prior allegations in this Complaint.

74. 42 U.S.C. § 2000e-3 makes it an unlawful to retaliate against a job applicant for making a charge of discrimination under Title VII.

75. Aityahia engaged in the protected activity of filing a charge of discrimination with the Arizona Civil Rights Division against Envoy for the unlawful discrimination alleged herein.

76. Envoy was at all material times aware of this protected activity.

77. Envoy intentionally refused to hire Aityahia for engaging in this protected activity and opposing what he reasonably believed were unlawful employment practices.

78. AA guarantees enrollment of a certain proportion or number of Envoy pilots in each of its new pilot classes.

79. As a result of Envoy's retaliatory refusal to hire him, Aityahia will be excluded from enrollment in future AA new pilot classes to the extent AA fills those classes with Envoy-selected enrollees.

80. AA is thus tacitly participating in Envoy's retaliation against Aityahia.

81. As a result of these violations of law, Aityahia has sustained damages including but not limited to the following:

(a) lost wages and employment benefits, including the lost wages and benefits he would have earned if not for the discrimination and retaliation he endured,

(b) lost career opportunities and advancements,

(c) damaged reputation, and

(d) severe emotional distress resulting from Envoy's unlawful actions.

82. Aityahia is entitled to an award of costs incurred in connection with this case pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C § 1920.

Pursuant to these statutes and rules, as well as 42 U.S.C. § 2000e-5(e)(B) Aityahia requests judgment against Defendants as follows:

  A. For compensatory damages in amounts to be proved at trial including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial;

  B. For front pay in an amount to be proved at trial;

  C. For all available injunctive relief;

  D. For an award of his costs and reasonable attorney fees; and

For such other and further relief as is proper and just.

## COUNT FOUR
**(Unlawful Retaliation in Violation of the Age Discrimination and Enforcement Act 29 U.S.C. § 623(d))**

83. Aityahia realleges all prior allegations in this Complaint.

84. 29 U.S.C. § 623(d) makes it an unlawful to retaliate against a job applicant for making a charge of discrimination under the Age Discrimination in Employment Act.

85. Aityahia engaged in the protected activity of filing a charge of discrimination with the Arizona Civil Rights Division against Envoy for age discrimination.

86. Envoy was at all material times aware of this protected activity.

87. Envoy intentionally refused to hire Aityahia for engaging in this protected activity and opposing what he reasonably believed were unlawful employment practices.

88. AA guarantees enrollment of a certain proportion or number of Envoy pilots in each of its new pilot classes.

89. As a result of Envoy's retaliatory refusal to hire him, Aityahia will be excluded from enrollment in future AA new pilot classes to the extent AA fills those classes with Envoy-selected enrollees.

90. AA is thus tacitly participating in Envoy's retaliation against Aityahia.

91. As a result of these violations of law, Aityahia has sustained damages including but not limited to the following:

(a) lost wages and employment benefits, including the lost wages and benefits he would have earned if not for the discrimination and retaliation he endured,

(b) lost career opportunities and advancements,

(c) damaged reputation, and

(d) severe emotional distress resulting from Envoy's unlawful actions.

92. Aityahia is entitled to an award of costs incurred in connection with this case pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C § 1920.

Pursuant to these statutes and rules, Aityahia requests judgment against Defendants as follows:

E. For compensatory damages in amounts to be proved at trial including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial;

F. For front pay in an amount to be proved at trial;

G. For all available injunctive relief;

H. For an award of his costs and reasonable attorney fees; and

For such other and further relief as is proper and just.

DATED this 16th day of June, 2025.

_____
Aziz Aityahia
17800 N. 78th St. Apt 2057
Scottsdale, AZ 85255
aaityahia@yahoo.com
(480) 842-1734

*Plaintiff*

*Certificate of Service*

I hereby certify that on 16th day of June, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Centaer III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-7789-3700
Fax: 602-778-3750
nonnie.shivers@ogletree.com
laura.grubb@ogletree.com
Attorneys for American Airlines, Inc.

GREENBERG TRAURIG, LLP
ATTORNEYS AT LAW
Suite 800
2375 East Camelback Road
Phoenix, AZ 85016
(602) 445-8000
Stephanie J. Quincy, SBN 014009: Stephanie.Quincy@gtlaw.com
Lindsay J. Fiore, SBN 026382, Lidnsay.Fiore@gtlaw.com
Attorneys for Defendant Envoy Air Inc.

**Aziz Aityahia**