**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aziz Aityahia, | No. CV-24-02126-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Envoy Air Incorporated, et al., | |
| Defendants. | |

Aziz Aityahia ("Plaintiff"), who is proceeding *pro se*, sued Envoy Air Inc. ("Envoy") for national origin- and age-based discrimination and for retaliation. On May 7, 2026, the Court issued an order resolving the parties' cross-motions for summary judgment, granting summary judgment in favor of Envoy on all of Plaintiff's claims. (Doc. 113.)

Now pending before the Court is Plaintiff's motion for reconsideration of the summary judgment order. (Doc. 120.) The Court solicited a response and reply. (Doc. 121.) The motion is now fully briefed (Docs. 122, 123) and neither side requested oral argument. For the reasons that follow, the motion is dismissed for lack of jurisdiction.

**DISCUSSION**

On May 7, 2026, the Court issued the summary judgment order. (Doc. 113.) That same day, judgment was entered. (Doc. 114.) On May 13, 2026, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. 115.) The notice specifically identifies the summary judgment order as one of the orders being appealed. (*Id.* at 1.) On June 4, 2026, more than

three weeks later, Plaintiff filed the pending motion for reconsideration.  (Doc. 120.)

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."  *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)).  Accordingly, "[a] district court lacks jurisdiction to entertain a motion for reconsideration that is 'filed after the notice of appeal has been filed.'"  *Woodruff v. De Facto Barrett Daffin Frappier Treder & Weiss, LLP*, 2022 WL 2390994, *1 (N.D. Cal. 2022), *aff'd sub nom.*, *Woodruff v. Barrett Daffin Frappier Treder & Weiss, LLP*, 2023 WL 4703172 (9th Cir. 2023) (citation omitted).  *See also Olsen v. Perkins*, 2025 WL 3162070, *1 (W.D. Wash. 2025) ("Because Petitioner filed his notice of appeal before moving for reconsideration, the Court lacks jurisdiction to consider Petitioner's motion."); *Humphreys v. CCS Rose*, 2023 WL 4777894, *1 (E.D. Wash. 2023) ("[W]hen a motion for reconsideration is filed after a notice of appeal, the district court lacks jurisdiction to adjudicate the motion unless the plaintiff has followed the proper procedure to bring the motion back before the Court. . . .  Plaintiff has not sought remand and has filed his Motion for Reconsideration approximately five days after he filed his Notice of Appeal.  Therefore, the Court lacks jurisdiction to grant or deny Plaintiff's Motion for Reconsideration at this time."); *Gamez v. United States*, 2020 WL 9598934, *1 (D. Ariz. 2020) ("Plaintiff filed a Motion for Reconsideration asking this Court to reconsider its Order granting summary judgment as to all Defendants and dismissing the action with prejudice. . . .  The Court has no discretion to retain jurisdiction . . . [and] jurisdiction of the issue now rests with the appellate court alone."); *Anderson v. Brown*, 2018 WL 11472379, *1 (S.D. Cal. 2018) ("Petitioner filed this motion for reconsideration over two months after filing the notice of appeal.  There were no pending motions for reconsideration at the time Petitioner filed the notice of appeal.  Accordingly, this Court was divested of jurisdiction upon the filing of the notice of appeal . . . .").  *Cf. Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004) ("The district court lacked jurisdiction to entertain the Rule 60(b) motion, which was filed after the notice of appeal had been filed, thereby stripping

the district court of its jurisdiction.") (citations omitted).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 120) is **dismissed** for lack of jurisdiction.

Dated this 8th day of July, 2026.

Dominic W. Lanza
United States District Judge

- 3 -